UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PIERRE BURDETTE,

    Plaintiff,

    v.                                      CAUSE NO.: 1:19-CV-532-WCL-SLC

MATTHEW FOOTE, et al.,

    Defendants.

OPINION AND ORDER

Pierre Burdette, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint,[1] Burdette alleges that, on October 7, 2019, the defendants violated his constitutional rights by stopping him in a vehicle based on racial profiling

---

[1] The court has considered the exhibits attached to the complaint, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

and without reasonable suspicion. "The Fourth Amendment prohibits unreasonable searches and seizures." *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). "An officer's temporary detention of an individual during a traffic stop constitutes a seizure of a person, and thus must be reasonable under the circumstances." *Huff*, 744 F.3d at 1004. "Officers may conduct an investigatory stop of a person when they have a reasonable, articulable suspicion that criminal activity is afoot." *Id.* "Reasonableness requires an objective inquiry into all of the circumstances known to the officer at the time that he detained the suspect." *Id.*

"[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment." *Whren*, 517 U.S. at 813. "To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). "To prove discriminatory effect, the plaintiffs are required to show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Id.* Discriminatory purpose implies more than intent as awareness of consequences. It implies that the decisionmaker selected or reaffirmed a particular course of action at least in part because of its adverse effects upon an identifiable group." *Id.* at 645.

According to the complaint and the attached exhibits, Detective Foote pursued Burdette based on reports from Detective Shaies that he was seen leaning out of the window of his vehicle toward another occupied vehicle in a business parking lot at 12:40 a.m. Before stopping Burdette, Detective Foote observed that the vehicle had a license plate light that was not working and illegally tinted windows. Because Indiana law requires such lighting and prohibits windows that are tinted to a certain degree, this observation constituted probable cause to believe that Burdette committed a traffic violation. *See* Ind. Code §§ 9-19-6-4(e); 9-19-19-4(c). Therefore, Burdette cannot proceed on the Fourth Amendment claim that the traffic stop was an unreasonable seizure. Further, Burdette cannot proceed under the Equal Protection Clause because he does not identify a similarly situated group that was treated differently, nor do the allegations suggest the defendants pursued or stopped Burdette due to his race.

Burdette further asserts that the defendants violated his Fourth Amendment rights by arresting him without probably cause and by using excessive force against him during his arrest. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396.

Applying the reasonableness standard requires consideration of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "An officer's use of force is unreasonable if in light of all those circumstances at the time of the seizure, the officer used greater force than was reasonably necessary to effectuate the seizure." *Williams v. Indiana State Police Dep't*, 797 F.3d 468, 473 (7th Cir. 2015).

Burdette alleges that, after he stopped, the police officers surrounded his car, banged on the windows and refused to identify themselves. Burdette did not exit the vehicle out of fear, and an officer threatened to break Burdette's window. After fifteen minutes, the officers threatened to break his window again. When the officers finally attempted to break the window, Burdette fled in his vehicle until he reached an area where he felt safe. He then submitted to arrest as ten police officers pointed guns at him. In the attached police statements, the officers represent that they observed that Burdette did not immediately stop as they initiated the traffic stop and further observed Burdette going through the center console and attempting to shield it from view of the

4

officers. They represent that this conduct caused them to believe that Burdette was attempting to access a firearm and that he presented a risk to their safety or that he was attempting to conceal contraband. They represent that Burdette refused to provide his legal name and did not produce a valid driver's license. They also represent that Burdette fled from the side of a busy road on deflating tires for three and a half miles at seventy to eighty miles per hour, swerved on multiple occasions, and disregarded traffic signals.

Even giving Burdette the favorable inferences to which he is entitled at this stage of the proceedings, he cannot proceed on an excessive force claim based on these allegations. During the initial stop, Burdette refused to exit his vehicle for more than fifteen minutes. Consequently, from the perspective of the officers, breaking the window of the vehicle was reasonably necessary in order for them to arrest him. When they pointed firearms at Burdette as he finally submitted to arrest, they had ample reason to believe that Burdette had committed the crimes of refusing to identify himself and resisting law enforcement, posed a threat to the safety of themselves and others, and had attempted to flee from arrest. For the same reasons, Burdette may not proceed on a Fourth Amendment wrongful arrest claim. *See Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003) ("It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest.").

Burdette asserts that the defendants violated his Fourth Amendment rights by searching his vehicle following his arrest, which revealed a firearm and controlled substances. The police statements attached to the complaint indicate that the police

5

searched the vehicle incident to Burdette's arrest and for inventory. "[C]ircumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 343 (2009). "[I]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine*, 479 U.S. 367, 371, (1987). "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Id.* In conducting an inventory search, "policies of opening all containers or of opening no containers are unquestionably permissible," and "[a] police officer may be allowed sufficient latitude to determine whether a particular container should or should not be opened in light of the nature of the search and characteristics of the container itself." *Florida v. Wells*, 495 U.S. 1, 4 (1990).

Given Burdette's substantial efforts to evade arrest and to flee from the police officers, it was reasonable for the police officers to believe that the vehicle contained evidence of criminal activity related to the crime of arrest. Further, the court has reviewed the relevant inventory procedures, which Burdette has attached to the complaint. The procedures set clear guidelines on searching closed containers and do not allow police officers unfettered discretion over inventory searches. Burdette may not proceed on a Fourth Amendment wrongful search claim.

Finally, while Burdette maintains that he does not identify as a sovereign citizen, he makes references to the Uniform Commercial Code, his indigenous and universal

human rights, his status as a sovereign theocratic government, the reservation of his rights, and other concepts commonly espoused by sovereign citizens. He may not proceed on this type of theory because the courts have repeatedly characterized such theories as a legally frivolous with no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

Though the complaint does not state a claim upon which relief can be granted, the court will give Burdette the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Burdette should file an amended complaint only if, after reviewing this order, he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) GRANTS Pierre Burdette until <u>February 24, 2020</u>, to file an amended complaint; and

(2) CAUTIONS Pierre Burdette that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on January 24, 2020.

             s/William C. Lee
             JUDGE WILLIAM C. LEE
             UNITED STATES DISTRICT COURT